**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MORTEZA AABDOLLAH,<br><br>              Plaintiff,<br><br>    v.<br><br>FIRSTENERGY CORP. and ONE EXCHANGE,<br><br>              Defendants. | Civil Action No. 19-17851 (MAS) (LHG)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon a review of its docket. On August 13, 2019, pro se Plaintiff Morteza Aabdollah ("Plaintiff") filed a Complaint against Defendants FirstEnergy Corporation ("FirstEnergy") and One Exchange (collectively, "Defendants") in the Superior Court of New Jersey. (Compl., Ex. A to Notice of Removal, ECF No. 1-1.) The Complaint alleges that FirstEnergy breached a 2018 settlement agreement between the parties. (*Id.*) On September 10, 2019, with the consent of One Exchange, FirstEnergy timely removed the action to this Court. (Notice of Removal, ECF No. 1.) FirstEnergy asserts that this Court has federal question jurisdiction because the matter "concerns an alleged right to recovery pursuant to an employee benefit plan[,] which is the subject of the Employee Retirement Income Security Act, 29 U.S.C.A[.] §§ 1001, *et seq.* ("ERISA"), which would provide the exclusive remedy for . . . [P]laintiff's claims, should one exist." (*Id.* ¶ 3.) FirstEnergy also asserts that, under "the parties' agreement in a Stipulation of Settlement . . ., [Plaintiff] would re-file and the matter would thereafter be removed to federal court given the nature of the allegations, which implicate ERISA."

(*Id.* ¶ 5 (citing May 13, 2019 Settlement Agreement, Ex. B to Notice of Removal, ECF No. 1-2).) On September 17, 2019, One Exchange moved to dismiss Plaintiff's Complaint. (ECF No. 4.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7–8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. "Federal courts are courts of limited jurisdiction," however, and the burden of establishing federal jurisdiction is, accordingly, on the party seeking removal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case removed from state court, "the case shall be remanded." 28 U.S.C. § 1447(c); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (stating "the general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte . . . in removal cases").

"A federal court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of action." *Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005) (citation omitted). "An action to enforce [a] settlement agreement . . . is a . . . contract dispute, and the proper forum to enforce it is in New Jersey state court, absent an independent basis for federal jurisdiction." *Valentine v. Beyer*, No. 85-4401, 2008 WL 961237, at *3 (D.N.J. Apr. 8, 2008); *see, e.g.*, *Angelo v. Gemelli Const.*, No. 08-124, 2009 WL 448776, at *3 (D.N.J. Feb. 23, 2009) (finding the enforcement of a settlement agreement would not implicate ERISA §§ 502(g)(2) and 515, where the plaintiffs asked the court to enforce provisions of the agreement for monies past due); *but see Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*,

97 F.3d 1479, 1485 (D.C. Cir. 1996) (finding "enforcement of the settlement agreement . . . will almost inevitably require construction and application of specific ERISA provisions which define the scope of the employer's contribution obligations and the Funds' legal entitlements on default").

Moreover, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant." *Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982); *see also Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 125 (3d Cir. 1997) (noting federal jurisdiction cannot be conferred by agreement of parties, as it "arises under the constitution" and "is not created by contract or waiver").

This Action appears to be a contract dispute. Plaintiff alleges that in 2017 he filed suit against Defendants in New Jersey Superior Court and in 2018 the parties entered into a settlement agreement. (Compl. at *4.)[1] Plaintiff alleges that "First[E]nergy breached the contract from the first day." (*Id.*) In removing the matter, FirstEnergy did not provide how enforcement of the settlement agreement would require construction and application of ERISA. Moreover, the parties' consent to this Court's jurisdiction is not relevant. It appears, therefore, that the Court does not have a basis for federal jurisdiction and the matter should be remanded to the state court.

Based on the foregoing and on the Court's inherent authority to control the matters on its docket,

**IT IS** on this 17 day of April 2020 **ORDERED** that:

1. By **Monday, May 25, 2020**, Defendants must show cause in writing, as to why this Action should not be dismissed for lack of subject-matter jurisdiction;

2. Defendants' failure to show cause or otherwise respond to this Order shall result in the Court remanding the Action to the New Jersey Superior Court; and

---

[1] A page preceded with an asterisk refers to the page number in the ECF heading.

3

3.  One Exchange's Motion to Dismiss (ECF No. 4) is administratively terminated pending resolution of the jurisdictional issue.

*/s/ Michael A. Shipp*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE